IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT R. STEPHENSON                                                                PLAINTIFF

V.                                                             CAUSE NO.: 2:09CV51-SA-SAA

STATE FARM MUTUAL AUTOMOBILE INSURANCE                               DEFENDANT

ORDER ON MOTIONS IN LIMINE

A series of motions in limine have been filed in this case. After reviewing the motions and responses, the Court rules as follows:

*A. Plaintiff's First Motion in Limine*

Plaintiff filed a Motion in Limine seeking to exclude evidence that Stephenson had health insurance to cover a portion of his medical expenses allegedly incurred as a result of the collision. Defendant does not object.

"The collateral source rule prevents the defendant from using evidence that the plaintiff's medical bills were covered by insurance in order to argue to the jury that any damages awarded should be mitigated, or reduced, by the amount already paid for by the insurance company." McKelroy v. Wood, 2009 U.S. Dist. LEXIS 16305, *2 (N.D. Miss. Feb. 2, 2009). The Mississippi Supreme Court has noted that "[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the [defendant] in mitigation or reduction of damages." Burr v. Miss. Baptist Med. Ctr., 909 So.2d 721, 728 (Miss. 2005).

Accordingly, Plaintiff's First Motion in Limine to exclude evidence of Plaintiff's health insurance is GRANTED.

*B. Plaintiff's Second Motion in Limine*

Plaintiff also moved the Court to enjoin the Defendant from offering testimony or argument regarding Plaintiff's failure to wear his seat belt at the time of the collision. Defendant does not object.

Pursuant to Mississippi Code Section 63-2-3, "evidence of the non-use of a seat belt shall not be presented to the jury." Roberts v. Grafe Auto Co., 701 So. 2d 1093, 1100 (Miss. 1997); Miss. Code Ann. § 63-2-3 ("Failure to provide and use a seat belt restraint device or system shall not be considered contributory or comparative negligence . . . ."). Thus, Plaintiff's Second Motion in Limine is GRANTED.

*C. Plaintiff's Third Motion in Limine*

Plaintiff also seeks to exclude evidence that the Plaintiff made any settlement or compromise demands or received any payments from any policy of insurance as a partial compromise of his claim for injuries allegedly sustained in the collision. Defendant does not object.

Federal Rule of Evidence 408 governs the admissibility of settlement offers. That rule prohibits introduction of offers to compromise if offered to prove "liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction . . . ." Moreover, under Mississippi law, the Court is charged with the task of determining if offset is available and applying any offset for payments made by the liability and underinsured motorist carriers after a verdict. See State Farm Mut. Auto. Ins. Co. v. Kuehling, 475 So. 2d 1159, 1163 (Miss. 1985). Plaintiff's Third Motion in Limine is GRANTED.

*D. Defendant's Motion in Limine to Exclude Statements or Information Concerning Insurance or the Availability Thereof*

Defendant broadly seeks to exclude any information concerning insurance, uninsured/underinsured motorist coverage, the availability thereof or premiums paid, as such would unduly influence the jury and be further prejudicial to the Defendant. Plaintiff responded that he should not be prohibited from mentioning State Farm, as that entity is a named defendant, and that UM coverage cases are contract law matters, thereby making the amount of insurance coverage available to Plaintiff admissible. Further, Plaintiff argues that the premiums and number of years insured should be admissible because payment of premiums and years of payment evidence the existence of an insurance contract.

Federal Rule of Evidence 401 governs the admissibility of relevant evidence. Here, the name of the defendant, State Farm, is relevant admissible evidence. Premiums and the number of years premiums have been paid are not relevant. In the Pretrial Order submitted to the Court, both parties stipulate the existence of "underinsured motorist insurance coverage through State Farm." Thus, there is no relevance in the introduction of evidence of the premiums and number of years the contract has been in existence.

As to any other aspect of Defendant's broad motion in limine, such is DENIED and will be addressed at trial when issues arise. For the reasons cited above, the Court DENIES Defendant's Motion in Limine to Exclude Statements or Information Concerning Insurance or the Availability Thereof [31].

*E. Defendant's Motion in Limine to Exclude Settlement Negotiations, Offers of Settlement, and/or Statements Made in the Context of Settlement*

As this motion in limine has been covered above, and also as a Federal Rule of Evidence, the Court GRANTS this motion.

*F. Defendant's Motion in Limine to Dispose of Objections and Motions Made in Dr. Ashley Park's Deposition*

Defendant seeks to have the following objections omitted from Dr. Ashley Park's deposition testimony when it is read to the jury at trial:

1. Page 24:19: "MR. MOORE: Objection, leading."

The Plaintiff concedes this objection. Therefore, lines 17-20 on page 24 are struck.

2. Page 30:13: "MR. MOORE: Objection, leading."

The Plaintiff concedes this objection. Therefore, lines 11-24 on page 30 are struck.

3. Page 46:24-47:1: "MR. MOORE: Move to strike the answer as nonresponsive."

Sustained. The answer is nonresponsive. Accordingly, the original question and nonresponsive answer shall be struck from page 43, line 7, through page 47, line 14.

4. Page 53:9-10: "MR. MOORE: Move to strike the answer, as nonresponsive."

Sustained. The answer given is not responsive to the question asked. Thus, lines 19 through 24 on page 52 shall be struck, and lines 1 through 10 on page 53 shall be struck.

5. Page 59:23-24: "MR. MOORE: Move to strike the answer as nonresponsive."

Plaintiff concedes Defendant's objection. However, the parties have not designated this portion of Dr. Park's deposition to be played to the jury; thus, this objection is moot.

6. Page 64:8-9: "MR. MOORE: Move to strike the answer as nonresponsive."

Sustained. The answer is not responsive to the question asked. Therefore, the Court shall exclude on page 63, lines 9 through 24, and on page 64, lines 1 through 9.

7. Page 65: 9-10: "MR. MOORE: Move to strike the answer as nonresponsive."

Sustained. The answer was not responsive to the question asked. Dr. Park's deposition from line 10 on page 64 through line 6 on page 66 will be struck.

8. Page 88:19-20: "MR. MOORE: Move to strike the answer as nonresponsive."

Sustained. The attorney's question was whether the patient was prescribed any medications after his visit. The answer given was unresponsive. Thus, the following shall be struck: page 85, line 17 through page 88, line 21.

9. Page 89:17-18: "MR. MOORE: Move to strike the answer as nonresponsive."

Overruled. The answer is responsive to the question asked.

10. Page 89:22-23: "MR. MOORE: Move to strike the answer as nonresponsive."

Overruled. The answer is responsive to the question asked.

11. Page 94:17-18: "MR. MOORE: Move to strike the answer as nonresponsive."

Plaintiff concedes Defendant's objection. Line 22 on page 93 through line 18 on page 94 are hereby stricken.

12: Page 111: 5-6: "MR. MOORE: Objection, it's beyond the scope of my client's knowledge –."

Overruled. The testimony is admissible.

Accordingly, Defendant's Motion in Limine to Dispose of Objections and Motions made in

Dr. Ashley Park's Deposition [33] is GRANTED IN PART and DENIED IN PART.

    *G. Plaintiff's Motion to Strike Designated Portions of Dr. Ashley Park's Deposition*

Plaintiff filed a Motion to Strike on June 18, 2010, one week prior to trial. Plaintiff asserts that some portions of Dr. Ashley Park's deposition that Defendant seeks to designate and have played at trial should be stricken. In particular, Plaintiff argues that questions asked of Dr. Park, as well as the responses, contain inadmissible hearsay and concern medical records and entries by other physicians of which Dr. Park has no personal knowledge.

Defendant counters that Dr. Park based his medical opinions and diagnosis of the Plaintiff on Dr. Mihalko's medical records and representations. Thus, Defendant asserts that Dr. Park has authenticated those records himself as they all originate from Campbell's Clinic. See Fed. R. Evid. 803(6) (hearsay exceptions: records of regularly conducted activity). Moreover, Defendant notes that all questions regarding those medical reports were solicited in cross-examination. Under Federal Rule of Evidence 705, Defendant contends that experts may be cross-examined concerning the underlying facts or data upon which the direct examination is based. Defendant additionally argues that under Federal Rule of Civil Procedure 703, a patient's medical history, reviewed by a doctor prior to forming opinions and inferences need not be admissible in order for the experts opinion or inference to be admitted.

Dr. Mihalko treated Plaintiff for various ailments after the motor vehicle collision at issue here. Dr. Mihalko referred Plaintiff to Dr. Park who based his diagnosis and treatment of Plaintiff at least in part on Dr. Mihalko's historical records. Dr. Park's testimony on those historical records consists of Dr. Park simply reading the notes made by the other doctor. Dr. Park does not testify as

to any mental impressions or thought processes engaged in by any other doctor; thus, his testimony speaks to the weight to be given those records, not the admissibility.

After reviewing the portions Plaintiff seeks to exclude, as well as the arguments of counsel, the Court determines that the only improper testimony is line 17 on page 71 through line 18 on 72. That portion will be struck as it is improper for a witness to comment on who should be deposed.

*Conclusion*

Plaintiff's three motions in limine [28, 29, 30] are all GRANTED. Defendant's Motion in Limine to Exclude Statements or Information Concerning Insurance or the Availability Thereof [31] is GRANTED IN PART and DENIED IN PART. Defendant's Motion in Limine to Exclude Settlement Negotiations, Offers of Settlement, and/or Statements Made in the Context of Settlement [32] is GRANTED. Defendant's Motion in Limine to Dispose of Objections and Motions Made in Dr. Ashley Park's Deposition [33] is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Strike [38] is also DENIED.

SO ORDERED, this the  24th  day of June, 2010.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**