IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT R. STEPHENSON                                               PLAINTIFF

V.                                                      CAUSE NO.: 2:09CV51-SA-SAA

STATE FARM MUTUAL AUTOMOBILE INSURANCE                 DEFENDANT

ORDER ON MOTIONS

At the trial of this matter, the jury returned a verdict for the Plaintiff in the amount of $16,500. Plaintiff has filed a Motion to Amend Judgment and Motion for a New Trial on Damages [54] in this matter. Plaintiff contends that the amount of the verdict is disproportionate to the injury sustained and that the verdict is against the overwhelming weight of the evidence.

After reviewing the motions, response, rules and authorities, the Court makes the following findings:

*Standard under Rule 59*

Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." Scott v. Monsanto Co., 868 F.2d 786, 789 (5th Cir. 1989) (citing Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985)).

Although a judge faced with a motion under Rule 59 may not simply substitute her judgment for that of the jury, she need not view the evidence in the light most favorable to the verdict winner. Instead, she has the latitude to reweigh the evidence and is free to accept or reject evidence and to

reassess the credibility of witnesses and proof. Shows v. Jamison Bedding, Inc., 671 F.2d 927, 930 (5th Cir. 1982).

*Discussion and Analysis*

Plaintiff raises two issues for this Court's consideration: (1) the $16,500 jury verdict should be raised to the stipulated amount of Plaintiff's past medical expenses, or a new trial on damages should be granted; or (2) the jury verdict was against the overwhelming weight of the evidence.

*(a) Stipulated Damages*

Plaintiff asserts that Defendant consented to a stipulation of Plaintiff's past medical expenses based on the failure of Defendant to object to entry of P-10, Summary of All Related Medical Expenses, into the record at trial and in the pretrial order.

Plaintiff and Defendant entered into a proposed Pretrial Order which contained certain agreed upon stipulations. None of the Stipulations, however, addressed Plaintiff's medical expenses. See Docket Entry [46], page 3 ¶ 9(a). The Pretrial Order did set forth exhibits intended to be introduced at trial. Defendant did not object to any of the exhibits Plaintiff proposed to offer at trial.

At trial, Plaintiff sought to introduce pertinent medical records, as well as a "Summary of All Related Medical Expenses." Plaintiff's estimation of medical expenses totaled $41,190.50. Defendant did not object to the introduction of that document in the Pretrial Order. However, at trial, when Plaintiff attempted to admit the summary of damages into the record, Defendant objected on the grounds that not all charges were related to the accident at issue. He noted, "my objection is that I'm not agreeing that they are related but I'm certainly agreeing that the bill may be admissible."

The Court cannot conclude that Defendant agreed or stipulated as to Plaintiff's medical damages based on the lack of objection as to P-10's admissibility or authenticity. As such, the Court

will not adjust the jury's verdict to reflect the Plaintiff's estimation of damages or grant a new trial on this basis.

*(b) Overwhelming Weight of the Evidence*

Plaintiff next argues that the jury's verdict was against the overwhelming weight of the evidence. In particular, Plaintiff notes that Defendant offered no exhibits or witnesses to rebut Plaintiff's proffered medical expenses. Thus, Plaintiff contends the jury's verdict evidences passion, bias, and prejudice as there was no basis for the amount of damages awarded against Defendant.

The court must "affirm the verdict unless the evidence - viewed in the light most favorable to the jury's verdict - 'points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion].'" Scott v. Davis, 359 F. App'x 522 (5th Cir. 2010) (quoting Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998). Moreover, in reviewing a jury award, a district court must affirm unless "there is a complete absence of evidence to support the verdict." Sam's Style Shop v. Cosmos Broad. Corp., 694 F.2d 998, 1006 (5th Cir. 1982). "A jury award is entitled to great deference and should not be disturbed unless it is entirely disproportionate to the injury sustained." Green v. Adm'rs of the Tulane Educ. Fund, 284 F.3d 642, 660 (5th Cir. 2002) (citing Caldarera v. Eastern Airlines, Inc., 705 F.2d 778, 784 (5th Cir. 1983)).

Plaintiff testified that the injuries he received from the automobile accident were glass in his forehead, a fractured right arm, an injured leg, and a neck injury. He further testified that at the time of trial, his forehead, arm, and leg were healed, but that his neck was still injured from that accident. Plaintiff presented evidence that his medical bills resulting from the automobile accident totaled over $41,000.

Defendant, through the cross-examination of Dr. Park and the Plaintiff, established that Plaintiff was continuously treated by the Campbell Clinic from March 15, 2006, through September 20, 2006. Almost six months later, Plaintiff returned to the Campbell Clinic complaining of neck pain from the accident fourteen months prior. Plaintiff admitted that between September of 2006 and March of 2007, he injured his back shoveling snow and ice. After he resumed medical treatment at the Campbell Clinic, Plaintiff suffered two work-related injuries resulting in rotator cuff surgery and cortisone shots. Dr. Park was not aware of any of these additional medical issues with Plaintiff. Moreover, as Dr. Park testified to the medical records of Drs. Mihalko, Pickering, and Calandruccio made prior to October of 2006, there were few references to neck pain or complaints of neck pain by the Plaintiff.

Accordingly, based on the evidence in the record, it would have been reasonable for the jury to base their verdict on Plaintiff's medical expenses incurred from the date of the accident until September of 2006.

Based on Exhibit P-9, Campbell Clinic Treatment and Charges, only $6,062 in charges were claimed between March and September of 2006. Once that total is added to the other medical expenses occurring in 2006 and relayed in Plaintiff's Summary of All Related Expenses, P-10,[1] the total nears the $16,500 jury verdict.

The Court cannot hold that the jury's verdict is against the overwhelming weight of the evidence. Thus, Plaintiff's Motion for a New Trial is DENIED.

---

[1] Those other charges include: $484.00 for the ambulance; $8,866.37 for treatment at the Regional Medical Center; $655.00 for radiology from the UT Medical Group; and $301.00 for new glasses from Michael Cook. These charges plus the above-mentioned charges from Campbell's Clinic totals $16,368.37.

*Defendant's Motion to Alter or Amend Judgment*

The Defendant seeks relief from the jury verdict to reflect the off-set of payments previously made to the Plaintiff pursuant to his insurance contract. Plaintiff has not responded to this Motion.

Pursuant to his insurance policy, Plaintiff agreed to non-duplication of medical payment coverage and to a reduction of the uninsured motorist coverage payment for payments made under the liability coverage of the policy. Defendant also tendered to Plaintiff a check for uninsured motorist coverage of $18,000. In the letter accompanying that check, Defendant noted that "this amount will also be credited against any final determination of damages."

As a result of the accident and the injuries alleged by the Plaintiff, Defendant made the following payments to him:

| | |
|---|---|
| Underlying liability coverage: | $25,000 |
| Uninsured motorist coverage: | $18,000 |
| Medical payments coverage: | <u>$5,000</u> |
| TOTAL: | $48,000 |

As noted above, the jury in this case returned a verdict against Defendant in the amount of $16,500. Accordingly, the judgment issued in this case has been satisfied.

SO ORDERED, this the 16th day of September, 2010.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**